Filed 12/2/21  Cui v. Secured Capital Limited Partnership CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| PAUL CUI,<br><br>      Plaintiff and Appellant,<br><br>v.<br><br>SECURED CAPITAL LIMITED PARTNERSHIP et al.,<br><br>      Defendants and Respondents. | D078538<br><br><br>(Super. Ct. No. 37-2019-00041913-CU-FR-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Ronald L. Styn, Judge.  Reversed.

Liu & Wakabay and Youjun Liu for Plaintiff and Appellant.

Mulvaney Barry Beatty Linn & Mayers, Patrick L. Prindle and George A. Rios III for Defendants and Respondents.

Paul Cui appeals a postjudgment order awarding defendants Secured Capital Limited Partnership (Secured Capital) and El Dorado Properties, Inc. (El Dorado) approximately $97,000 in prevailing party attorney fees and costs.  Cui contends that because our court has since reversed the underlying judgment in a separate appeal (*Cui v. Secured Capital Limited Partnership*

(June 28, 2021, D078110) [nonpub. opn.] (*Cui I*)), we must now also reverse the postjudgment order awarding fees and costs.  We agree, and will do so.

## FACTUAL AND PROCEDURAL BACKGROUND

In October 2018, Secured Capital filed an unlawful detainer complaint against Cui alleging he breached a commercial lease.  The parties resolved the suit in December 2018 with a stipulated judgment under which Cui agreed to forfeit the lease, surrender possession of the leased premises, and pay specified rent for the interim period.

About seven months later, in August 2019, Cui filed an unlimited civil suit against Secured Capital and its real estate broker, El Dorado.  As later amended, the complaint asserted causes of action against Secured Capital for intentional misrepresentation, negligent misrepresentation, concealment, premises liability, and breach of contract; and against El Dorado for intentional misrepresentation, negligent misrepresentation, and concealment (but not for premises liability or breach of contract).  The gist of Cui's claims was that the defendants had misrepresented the suitability of the leased premises for Cui's intended use.

Secured Capital and El Dorado moved for summary judgment (or, in the alternative, summary adjudication) on the basis that the stipulated judgment in the unlawful detainer case barred Cui's current claims.  The trial court granted the motion.

About two weeks later, on October 2, 2020, Secured Capital and El Dorado filed a motion seeking prevailing party attorney fees and costs.

About two weeks after that, on October 14, the trial court entered judgment for Secured Capital and El Dorado.  Cui appealed the judgment the following day.

About two months later, on December 11, 2020, over Cui's opposition, the trial court granted the defendants' motion and awarded them prevailing party attorney fees and costs totaling $96,964.69. Cui appealed this order about one week later.

About 18 months later, on June 28, 2021, our court filed *Cui I*, in which we reversed the underlying judgment in this case on all claims except for Cui's premises liability claim, which he did not challenge on appeal. (*Cui I*, *supra*, D078110.)

## DISCUSSION

Cui contends that because we reversed the underlying judgment in *Cui I*, we must likewise reverse the postjudgment order awarding fees and costs. We agree.

" 'An order awarding costs falls with a reversal of the judgment on which it is based.' " (*Allen v. Smith* (2002) 94 Cal.App.4th 1270, 1284; see *Harris v. Wachovia Mortgage, FSB* (2010) 185 Cal.App.4th 1018, 1027 (*Harris*) [an "award of costs necessarily falls with the judgment"]; *Gillan v. City of San Marino* (2007) 147 Cal.App.4th 1033, 1053 ["Our reversal of the judgment necessarily compels the reversal of the award of fees as costs to the prevailing party based on the judgment."]; *Evans v. Southern Pacific Transportation Co.* (1989) 213 Cal.App.3d 1378, 1388 ["Because the award of costs to defendant was incident to the judgment, reversal of the judgment operates to vacate the award."].)

This holds true even when, as here, the judgment was reversed as to fewer than all causes of action. (See *Harris*, *supra*, 185 Cal.App.4th at 1021 [reversal of postjudgment fee and cost order required where judgment was reversed as to only one of three causes of action]; *Ventas Finance I, LLC*

3

*v. Franchise Tax Bd.* (2008) 165 Cal.App.4th 1207, 1212 [reversing fee award following partial reversal of judgment].)

The cases Secured Capital and El Dorado cite to support a contrary conclusion are inapposite because none involved reversal of an underlying judgment. (See *Abdallah v. United Savings Bank* (1996) 43 Cal.App.4th 1101, 1104, 1105-1106, 1111; *Erickson v. R.E.M. Concepts, Inc.* (2005) 126 Cal.App.4th 1073, 1077; *Fed-Mart Corp. v. Pell Enterprises, Inc.* (1980) 111 Cal.App.3d 215, 229.)

Accordingly, we will reverse the postjudgment order awarding attorney fees and costs.

## DISPOSITION

The postjudgment order awarding attorney fees and costs to Secured Capital and El Dorado is reversed. Cui is entitled to his costs on appeal.


HALLER, J.

WE CONCUR:


AARON, J.


DATO, J.

4